UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DE-AUNTEZE LAVION BOBO, | Civ. No. 10-3296 (MJD/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| BRUCE REISER, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Petition, Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility at Rush City, Minnesota. He is serving a life sentence that was imposed in the State District Court for Hennepin County, Minnesota. Petitioner was sentenced after a jury found him guilty of first degree murder, and second degree murder. (Petition, p. 2.)

After Petitioner was convicted and sentenced, he filed a direct appeal contending that he was deprived of his right to a public trial, that the prosecutor committed "serious misconduct," and that he was deprived of his rights under the Sixth Amendment's

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

confrontation clause. While Petitioner's direct appeal was pending, he filed a state post-conviction motion, which presented a juror misconduct claim, and several claims of ineffective assistance of trial counsel. The direct appeal was stayed while the post-conviction motion was being adjudicated in the trial court.

The trial court denied Petitioner's post-conviction motion, and the Minnesota Supreme Court then addressed the claims that Petitioner raised in his original direct appeal, as well as the ineffective assistance of counsel claims raised in his post-conviction motion. The Minnesota Supreme Court rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence. State v. Bobo, 770 N.W.2d 129 (Minn. 2009).

At some point, (it is not clear just when), Petitioner filed a second post-conviction motion in the trial court. (Petition, p. 4, § 11(b).) In that second post-conviction motion, Petitioner raised several new claims of ineffective assistance of counsel at trial and on appeal. He also claimed that the prosecutor failed to disclose certain "newly discovered evidence" regarding payments to a "key witness." (Petition, "Attachment B," pp. 1-2.) According to Petitioner, his second post-conviction motion is still "pending" in the state courts. (Petition, p. 4, § 11(b)(5)-(6).)

The present habeas corpus petition lists five grounds for relief, which Petitioner has identified as follows:

(1) "Ineffective Assistance of Counsel: Trial Counsel;"

(2) "Public Trial Denied;"

(3) "Prosecutorial Misconduct;"

(4) "Ineffective Assistance of Counsel: Appellate Counsel;" and

(5) "'Giglio' Violation."

2

(Petition, "Attachment C.")

It plainly appears on the face of the petition, however, that at least two of Petitioner's current claims for relief, (Grounds Four and Five), have not been fairly presented to the Minnesota Supreme Court. Thus, the Court finds that Petitioner has not satisfied the exhaustion of state court remedies requirement prescribed by federal law and the United States Supreme Court.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless he has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' <u>the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)</u>, thereby alerting that court to the federal nature of the

3

claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

Furthermore, a habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

Here, it is readily apparent that at least two of Petitioner's current claims – Grounds Four and Five – have not been exhausted, because they have not been fairly presented to the Minnesota Supreme Court. In "Ground Four," Petitioner claims that he was deprived of his constitutional right to effective assistance of counsel on appeal, and in "Ground Five," he claims that the prosecution failed to disclose certain evidence pertaining to an alleged payment to a prosecution witness. It appears that Petitioner raised both of these claims for the first time in his second state post-conviction motion. However, the current habeas petition plainly states that the second post-conviction motion is still "pending" in the state courts. It is therefore evident that the Minnesota Supreme Court has not yet had an opportunity to rule on the claims presented at Grounds Four and Five of the current petition, which means that Petitioner has not satisfied the exhaustion of state court remedies requirement with regard to those two claims.

Moreover, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely the second post-conviction motion that purportedly is still "pending." The state courts – including the Minnesota Supreme Court – must be given an opportunity to adjudicate Petitioner's second post-conviction motion, before any of the

claims raised in that motion can be entertained in a federal habeas corpus proceeding.[2]

Because Petitioner has failed to exhaust his state court remedies for his final two claims for relief, (Grounds Four and Five), he has filed a "mixed petition." The Court must therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. It will be recommended that the action be dismissed <u>without prejudice</u>, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[3] Petitioner may return to federal court, (if necessary), after the state courts, <u>including the Minnesota Supreme Court</u>, have reviewed and decided <u>all</u>

---

[2] At this point, it cannot be determined whether the state courts actually will adjudicate Petitioner's unexhausted claims on the merits. It should be noted, however, that if any claims are rejected based on Petitioner's failure to comply with applicable state procedural rules, those claims will be procedurally defaulted, and they will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). <u>See</u> also <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

[3] If Petitioner pursues this option, he should be mindful of several matters that could affect his future eligibility for federal habeas corpus relief. First, he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review in the state courts, including an appeal to the State Supreme Court. <u>O'Sullivan</u>, 526 U.S. at 845. Second, federal habeas corpus review is available only for claims that were previously raised in the state courts <u>as federal constitutional claims</u>. <u>Duncan</u>, 513 U.S. at 365-66. Third, if Petitioner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). It appears that the statute of limitations has not yet expired in this case, and the statute will be tolled, pursuant to 28 U.S.C. § 2244(d)(2)), while any post-conviction proceedings are pending in the state courts. However, Petitioner could face a statute of limitations issue in the future, if he does not diligently pursue his state post-conviction remedies, and promptly seek federal habeas relief, (if necessary), after he has fully exhausted his state court remedies for all of his claims.

of the claims that he seeks to present in federal court.  See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).  See also Nelson v. Solem, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").

Finally, the Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims.  Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999).  If Petitioner intends to exercise that option here, he should file an amended petition that includes only fully exhausted claims,[4] and he should do so before the deadline for filing objections to this Report and Recommendation.  If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice.  Petitioner should note that if he does file an amended petition that includes only his fully exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition.  See 28 U.S.C. § 2244(b)(2).

### III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

---

[4] It appears that Petitioner has exhausted his state court remedies for Grounds One, Two and Three of the current petition, but the Court makes no specific findings to that effect here.

**IT IS HEREBY RECOMMENDED THAT**:

This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims.

Dated: September 3, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by September 17, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.