UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

De-Aunteze Lavion Bobo,

    Petitioner,

v.                                                  Civil No. 10-3296 (JNE/LIB)
                                                     ORDER

Bruce Reiser, Warden,

    Respondent.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). In a Report and Recommendation dated September 3, 2010, the Honorable Leo I. Brisbois, United States Magistrate Judge, recommended that the action be dismissed without prejudice unless Petitioner filed, before the deadline to object to the Report and Recommendation, an amended petition limited to fully exhausted claims. Petitioner did not file an amended petition. Instead, he objected to the Report and Recommendation. In his objections, Petitioner seeks to stay this action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Respondent asserts that the action should not be stayed. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation.

In *Rhines*, the Supreme Court concluded that a federal district court may, under certain circumstances, stay a mixed petition for a writ of habeas corpus and hold it in abeyance while the petitioner exhausts his previously unexhausted claims in state court. 544 U.S. at 275-78. However, "stay and abeyance should be available only in limited circumstances":

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

1

*Id.* at 277. In this case, Petitioner has not demonstrated good cause for his failure to exhaust all of his claims in state court. The Court therefore denies his request for a stay. For the reasons set forth in the Report and Recommendation, the Court dismisses this action without prejudice.

An appeal cannot be taken from a final order denying a petition under § 2254 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the dismissal of this action based on Petitioner's failure to exhaust all of his claims debatable, the Court declines to issue Petitioner a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE.
2. The Court DENIES a certificate of appealability in this case.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 28, 2010

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge